IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GLADYS L. AARON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 109-123 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Gladys L. Aaron ("Plaintiff"), appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I. BACKGROUND

Based on claims of disability dating back to December 11, 2006, Plaintiff protectively applied for DIB on April 24, 2007. Tr. ("R."), pp. 40-45. The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 40-45, 47, 52-55. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and the

ALJ held a hearing on June 1, 2009. R. 14-34. Plaintiff, who was represented by counsel, appeared and testified on her own behalf at the hearing. R. 19-29. The ALJ also heard testimony from a vocational expert ("VE") at the hearing. R. 29-33. On July 1, 2009, the ALJ issued an unfavorable decision. R. 5-13.

Applying the five step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 11, 2006, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: degenerative scoliosis of the lumbar spine, status post laminectomy and instrumental fusion (20 C.F.R. § 404.1521 *et seq.*).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b)[1] except she is limited to occasional climbing, stooping, kneeling, crouching and crawling. She is limited to frequent balancing, and has no environmental limitations. The claimant is capable of performing past relevant work as an unarmed security guard, which is light, semi-skilled work.

---

[1] Light work involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

R. 10-12.

Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 11, 2006 through the date of this decision (20 CFR § 404.1520(f))." R. 12. When the Appeals Council ("AC") denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff argues that the ALJ erred because he failed to properly consider the opinion of Plaintiff's treating physician, and failed to properly assess the credibility of Plaintiff's subjective complaints. Pl.'s Br., pp. 6-9. Plaintiff also claims that her case should be remanded due to new evidence consisting of the last page of a three-page "Physical Capacity Evaluation" ("PCE"). Pl.'s Br., p. 6. The Commissioner maintains: 1) the ALJ properly assessed the record medical opinions, including that of the treating physician; and 2) the ALJ properly assessed and made specific findings regarding the Plaintiff's credibility. See generally Comm'r's Br.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards.

3

Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails

either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Opinion of Treating Physician

The Court first turns its attention to Plaintiff's allegation of error regarding the ALJ's silence in addressing or assigning weight to the opinion and extensive office notes of Plaintiff's treating physician, Audrey Henderson, M.D. Dr. Henderson completed a PCE in May of 2009 that indicated that Plaintiff had greater limitations than the ALJ attributed to her. R. 486-88.[2] The Commissioner, on the other hand, contends that while the ALJ did not "explicitly" address Dr. Henderson's opinion, he did "implicitly" reject Dr. Henderson's opinion by stating that the substantial weight of the opinion evidence from Plaintiff's physicians did not support Plaintiff's complaints of disabling symptoms. Comm'r's Br., p. 10. The Plaintiff has the better argument.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d

---

[2]The record includes a cover sheet and the first two pages of the PCE. The last page of the PCE is included in Plaintiff's Brief as an exhibit. Pl's Br., Ex. 1.

5

1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

The Court agrees that the ALJ did not properly address the weight given to the opinion of Dr. Henderson. However, contrary to Plaintiff's claim of complete silence by the ALJ regarding Dr. Henderson's opinion and the weight given to it, it is clear from the record that the ALJ did discuss Dr. Henderson's opinion in a very generalized manner by stating that "[t]he substantial weight of the opinion evidence from [Plaintiff's] physicians, as well as the opinions of non-examining [s]tate agency physicians, does not indicate that claimant is precluded from all work activity." R. 12. However, addressing the opinion of a treating physician, like Dr. Henderson, in a generalized manner is not sufficient to meet the standards cited above. Indeed, the Commissioner concedes that the ALJ did not explicitly discuss Dr. Henderson's opinion or the weight given to it, but argues that the ALJ implicitly rejected Dr. Henderson's opinion as being against the weight of the opinion evidence from other physicians. Comm'r's Br., p. 10. However, the Commissioner fails to point out that several of those opinions were those of non-examining and non-treating state agency physicians, R.

201-22, 390-97, whose opinions are accorded less weight than that of an examining, treating physician. See 20 C.F.R. § 404.1527(d). Additionally, the Commissioner's argument does nothing to change the fact that the ALJ did not: (1) acknowledge Dr. Henderson as a treating physician; (2) specifically address Dr. Henderson's opinion in the decision; or, most importantly, (3) state with particularity what weight was given to Dr. Henderson's opinion.

The record contains thirty-one pages of notes from Dr. Henderson's treatment of Plaintiff, detailing over a dozen office visits and even more telephone contacts beginning in February of 2005 and continuing until February of 2009. R. 137-50, 482-85, 486-88. Plaintiff underwent a decompressive lumbar laminectomy on December 11, 2006. R. 169-70. The performing surgeon was Ildemaro Volcan, M.D. Id. The ALJ referenced a follow up visit that Plaintiff had with Dr. Volcan in December 2007- a year after the above-mentioned procedure. R. 11-12, 480-81. The ALJ stated that Plaintiff indicated that she had no complaints other than a burning sensation in her right thigh, and that Plaintiff was encouraged to engage in physical activity and weight loss in order to lessen the load to her spine. R. 12, 481. However, on January 29, 2009, Plaintiff had an appointment with Dr. Henderson in which she complained of back and muscle spasms and chronic lower back pain. R. 484. Again on February 26, 2009, Plaintiff met with Dr. Henderson and complained of chronic pain. R. 485. On May 29, 2009, Dr. Henderson completed a PCE of Plaintiff which indicated, among other things, that: (1) Plaintiff could not sit or stand for any amount of time during an eight hour work day; (2) Plaintiff could occasionally lift and carry only up to five pounds; and (3) Plaintiff could never bend, squat, crawl, climb or reach.

Here, it is unclear exactly what weight the ALJ gave Dr. Henderson's opinion; in fact,

despite the 31 pages of extensive records detailed above, the ALJ never specifically mentioned her in his decision, much less identify her as a treating physician. Although a treating physician's opinion may be properly discredited, refusal to give a treating physician's opinion substantial weight requires that the ALJ show good cause. Schnorr, 816 F.2d at 578. Here, the ALJ only addressed the weight of Dr. Henderson's opinion in a general fashion, but did not state with particularity the weight he gave to her opinion. As noted supra, the ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'" See Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). In this case, however, the ALJ has failed to satisfy this requirement.

The Court must review the decision as delivered by the ALJ, but here the Court is unable to perform any meaningful judicial review because the ALJ simply did not make his thought processes known in his decision. See Hudson v. Heckler, 755 F. 2d 781, 786 (11th Cir. 1985) (noting that in the absence of stating specifically the weight accorded each item of evidence, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence). Stated otherwise, this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner via the ALJ. Martin, 748 F.2d at 1031. Indeed, as noted above, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).

In sum, the ALJ failed to mention Dr Henderson by name, let alone state with particularity what weight he gave to her opinion. The Court is mindful of the difficulties of

8

evaluating a claimant's impairments and weighing the medical opinions that appear in an administrative record. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide claimants with a sound, meaningful review of the administrative decision. Accordingly, this case should be remanded for proper consideration in the first instance at the administrative level of review, of all medical opinions of record.

### B. Assessment of Plaintiff's Subjective Complaints

Due to the Court's determination that the case should be remanded based on the failure of the ALJ to state with particularity the weight assigned to Plaintiff's treating physician, Dr. Henderson, the Court will not address Plaintiff's arguments regarding her subjective complaints in detail. The court presumes that the Commissioner will follow the three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms on remand. See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Additionally, the opinion and notes of Dr. Henderson should be taken into account when assessing the credibility of Plaintiff's subjective complaints on remand. As discussed above, the record contains 31 pages of notes by Dr. Henderson spanning a four year period. R. 137-50, 482-85, 486-88. These notes include meetings with Dr. Henderson where the Plaintiff discussed the return of chronic pain symptoms after her decompressive lumbar laminectomy. R. 484-485. Also included is the above mentioned PCE by Dr. Henderson which indicated greater limitations than the ALJ attributed to her. R. 486-88.

### C. New Evidence

In a single sentence in the conclusion of Plaintiff's brief, she argues that the last page

of the three-page May 29, 2009, PCE completed by Dr. Henderson, constitutes new evidence and requires remand under sentence 6 of § 405(g). This third page was omitted from the record, and included in Plaintiff's brief as an exhibit. Pl's Br., p. 6, Ex. PCE, p. 3. This page contains a simple checklist where Dr. Henderson marked that Plaintiff could never bend, squat, crawl, climb, or reach, among other restrictions. Id. The Commissioner made no response to this argument in his brief. See generally Comm'r's Br.

Previously, when presented with new evidence that was submitted to the AC, a reviewing court could only consider whether the new evidence necessitated remand under sentence six of § 405(g); it could not consider the new evidence in determining whether the Commissioner's final decision was supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994). Under that standard, a reviewing court could remand a case for consideration of new evidence only if the evidence was material and only if good cause existed for the claimant's failure to submit the evidence at the prior administrative proceeding. 42 U.S.C. § 405(g).

However, the Eleventh Circuit has attempted to clarify the analysis of Social Security cases where the plaintiff requests review of the ALJ's decision based on new evidence submitted to the AC, and the AC denies that request after reviewing the evidence. In Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit concluded that a sentence six remand is only proper "when new material evidence that was not incorporated into the administrative record for good cause" and "not presented to the Commissioner at any stage of the administrative process" is submitted to the district court. Id. at 1267 (citations omitted). The court went on to find that "evidence properly presented

to the Appeals Council has been considered by the Commissioner and is part of the administrative record." Id. at 1269. Thus, such evidence "can be the basis for only a sentence four remand, not a sentence six remand." Id. (citations omitted); see also Couch v. Astrue, 267 Fed. App'x 853, 857-58 (11th Cir. 2008) (finding that district court did not err in refusing to remand under sentence six because the evidence was not new evidence that the Commissioner failed to incorporate into the record). In sum, where a claimant properly presents new evidence for consideration by the AC and the AC denies the request for review after considering the new evidence submitted, the "substantial evidence" standard required by sentence four applies; however, where, like here, a claimant presents new evidence to the district court which was not presented to the Commissioner at any stage in the administrative process, then the claimant must show "good cause" as to why the evidence was not incorporated into the administrative record.

Here, there is no evidence in the record that the third page of Dr. Henderson's PCE was submitted to the Commissioner at any stage in the administrative process. The "Notice of Appeals Council Action" states that the AC "considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council," but makes no mention of any new evidence that may have been submitted. R. 1. Additionally, the only item listed as additional evidence that was received by the AC was the "Representative's correspondence dated 8-13-09." R. 4. Thus, under Ingram, Plaintiff was correct in requesting remand under sentence six, not sentence four of § 405(g).

However, Plaintiff has failed to present any evidence of good cause for the omission of the third page of Dr. Henderson's PCE from the record. Dr. Henderson's PCE was

11

completed on May 29, 2009 and the first two pages of the evaluation were supplied to the ALJ before he made his decision on July 1, 2009. R. 5-13, 486-88. The only mention that the third page was omitted from the record in Plaintiff's brief simply states, "The third page of this PCE is omitted from the transcript and is attached hereto as Plaintiff's Exhibit 1." Plaintiff fails to provide any reason, much less good cause, as to why the third page of the PCE was not incorporated into the record. Pl's Br., p. 6. Therefore, this argument fails to provide a basis for remand.

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED AND RECOMMENDED this 23rd day of November, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE